**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BDH ENTERPRISES, INC. and UMAR BALWA, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. H-04-4250 |
| JOHN ASHCROFT, *et al.*, | § § § | |
| *Defendants.* | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is the Partially Opposed Motion to Remand for Further Administrative Review (Docket Entry No. 20) filed by Defendants John Ashcroft, United States Attorney General, Evelyn Upchurch, Director of the Texas Service Center, United States Citizen and Immigration Services (" CIS"), and Tom Ridge, United States Secretary of Homeland Security (collectively " Defendants"). Having considered Defendants' motion, Plaintiffs' response, Defendants' reply, the pleadings, and the applicable law, the Court finds that Defendants' motion should be granted and that this case should be remanded to the Administrative Appeals Unit of the CIS for further administrative consideration.

I.    *Background*

BDH Enterprises, Inc. (" BDH") is a corporation organized in the State of Texas in January 2001. *See* Docket Entry No. 1, at ¶ ¶  1, 9; *see also* R. 5.[1]  It manages, owns, and operates hospitality businesses or retail stores in the United States. *See* Docket Entry No. 1, at ¶ ¶  9, 10; *see also* R. 5.  BDH alleges it is affiliated with Autoland India Private Limited

---

[1]  References made to the administrative record are denoted by a " R" followed by the applicable page number(s).

("Autoland India"), a complete car service station, which is located in Goregaon (West), Mumbai, India.[2]  *See* Docket Entry No. 1, at ¶  14; *see also* R. 414-416.  BDH seeks to employ as its Vice President of Finance Umar Balwa ("Balwa"), who is a citizen of India and the Finance Manager for Autoland India.  *See* Docket Entry No. 1, at ¶ ¶  2, 11; *see* Docket Entry No. 17, at ¶  15; *see also* R. 28.  Thus, in December 2001, BDH filed a petition for an L-1, non-immigrant intracompany transferee on behalf of Balwa.[3]  *See* R. 28.  Balwa was issued an L-1 visa, which was effective until November 2002.  *See* R. 40.

On March 12, 2002, BDH filed a petition on Form I-140 for classification of an alien worker with the CIS' Texas Service Center, seeking to classify Balwa as a multinational executive or manager under Section 203(b)(1)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1153(b)(1)(C).[4]  *See* Docket Entry No. 1, at ¶  11 & Exh. 1; *see also* R. 5, 144.  Such a visa would allow Balwa to remain in the United States as a permanent resident alien.  On August 31, 2002, the Texas Service Center requested more information in support of the application.  *See* Docket Entry No. 1, at ¶  11 & Exh. 3; *see* R. 143.  Specifically, the Texas Service Center asked

---

[2]  BDH argues that it has established a qualifying relationship between BDH and Autoland as affiliates, as defined by 8 C.F.R. § 204.5(j)(2)(B), because BDH and Autoland are owned and controlled by the same individuals.  *See* Docket Entry No. 17, at ¶  11.  BDH submits that both BDH and Autoland are majority owned and controlled by Balwa siblings.  *See id*, at ¶  12; *see* R. 7, 183-242.

[3]  An L-1 visa is available to an applicant "who within 3 years preceding the time of his application . . . has been employed continuously for one year by a firm or corporation . . . and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge . . . ." 8 U.S.C. § 1101(a)(15)(L).

[4]  A United States employer may file a petition on CIS Form I-140 for classification of an alien worker under section 203(b)(1)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1153(b)(1)(C), as a multinational executive or manager, so that the alien can obtain a permanent residence status or green card.

BDH to submit documentary evidence demonstrating the exact degree of common ownership between BDH and Autoland India, Balwa's duties at Autoland India, duties of Balwa at BDH, and evidence that BDH was doing business for at least one year at the time the petition was filed. *See id.*

On October 15, 2002, BDH filed a petition on Form I-129, for an L-1A extension, for Balwa, which was approved and is valid until November 25, 2005. *See* Docket Entry No. 1, at ¶ 11 & Exh. 2.

On April 9, 2003, Evelyn M. Upchurch, Director of the Texas Service Center ("Director"), denied BDH's I-140 petition for Balwa. *See* Docket Entry No. 1, at ¶ 13 & Exh. 5; *see also* R. 140-146. The Director determined that BDH had not established: (1) a qualifying relationship with Autoland India; (2) that BDH had been doing business for at least one year at the time the petition was filed on March 12, 2002; and, (3) that Balwa had been and would be employed in a managerial or executive capacity. *See id.* BDH appealed the decision rendered by the Texas Service Center to the CIS's Administrative Appeals Unit ("AAU").

On July 12, 2004, the AAU dismissed BDH's appeal of the Texas Service Center's denial of BDH's petition on behalf of Balwa. *See* R. 4-14. The AAU found that BDH failed to establish that BDH and Autoland India were affiliates; (2) Balwa had been employed as an executive or manager with Autoland India; and (3) Balwa would be employed as an executive or manager with BDH. *See* R. 9-14.

BDH and Balwa filed this lawsuit on November 4, 2004, seeking judicial review under the Administrative Procedures Act, 5 U.S.C. § 702, of the CIS' decision to uphold the denial of BDH's I-140 petition for Balwa. *See* Docket Entry No. 1, at ¶ 6. Plaintiffs allege that the

3

Defendants' denial of the Form I-140 was "totally arbitrary and capricious, and lacks any rational basis in fact or law." *See id.*, at ¶ ¶ 14, 18.

On March 21, 2005, Plaintiffs filed a motion for summary judgment asserting, albeit implicitly, that CIS abused its discretion in denying Balwa's permanent visa when it had already accepted Balwa's status as a manager for the purpose of granting him a temporary L-1 visa. *See* Docket Entry No. 17. Plaintiffs argue that legal requirements for L-1 intracompany transferee are identical to legal requirements for I-140. *See id.*, at ¶ 9. In lieu of filing a cross motion for summary judgment, Defendants filed the pending motion to remand.

## II.    *Analysis*

### A.    *Standard of Review*

It is well settled that an applicant for a visa bears the burden of establishing eligibility. *See National Hand Tool Corp. v. Pasquarell*, 889 F.2d 1472, 1475 (5th Cir. 1989). Under the Administrative Procedure Act, a CIS decision is reviewed solely to determine whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *See* 5 U.S.C. § 706(2)(A); *see also Defensor v. Meissner*, 201 F.3d 384, 386 (5th Cir. 2000); *National Hand Tool Corp.*, 889 F.2d at 1475. "Although a reviewing court is bound to ensure that the [CIS] engaged in 'reasoned decision-making' in denying the application, the [CIS] is entitled to considerable deference in its interpretation of the governing statute." *See id.* (internal citations omitted).

### B.    *Remand*

Defendants maintain that this case should be remanded to the AAU for further administrative consideration of the arguments made by Plaintiffs in their motion for summary

4

judgment, including, but not limited to Plaintiffs' contentions about L-1 petitions. *See* Docket Entry No. 20, at ¶ 3. Defendants assert that the AAU's review of the expanded administrative record (*e.g.*, L-1 files) as well as the certified administrative record and court pleadings would be limited to thirty days. *See id.*

Plaintiffs oppose a remand on the grounds that it will cause further delay and additional costs in a matter that has been on-going for several years. Alternatively, Plaintiffs contend that if the case is remanded that the following conditions be imposed: (1) counsel for Defendants be required to immediately send a complete copy of the file to the AAU; (2) the AAU be required to issue its position in the matter within thirty days of receipt of the file; (3) the AAU's scope of review on remand be limited to the matters raised in the AAU's original denial dated July 12, 2004; and, (4) if the AAU approves the I-140 petition, the Court will grant all attorneys' fees incurred by Plaintiffs in this matter.

In reply, Defendants assert that the AAU has now received copies of the L-1 intracompany transferee petition files. *See* Docket Entry No. 21, at 2. According to Defendants, no undue delay would be caused by a thirty-day review by the AAU. *See id.* Defendants maintain that it would be premature to award attorneys' fees to Plaintiffs. *See id.*

Only the I-140 petition is part of the administrative record in this case. Because the AAU possesses special knowledge and expertise in immigration law, the AAU should have the opportunity to review the expanded administrative record (*i.e.*, the L-1 files) and evaluate whether to modify its opinion regarding BDH's I-140 petition for Balwa.[5] The proposed thirty-day time

---

[5] While implicitly recognizing that the CIS need not abide by previous approvals that might have been erroneous, some courts have found that an agency's failure to explain why those earlier decisions were incorrect amounted to an abuse of discretion. *See Louisiana Philharmonic Orchestra v. Immigration &*

frame for the AAU to conduct its further review is not unreasonable.  To the extent that Plaintiffs are concerned that a remand could deprive Plaintiffs of attorneys' fees under the Equal Access to Justice Act, Defendants have expressly represented that " no party waives any rights to seek attorneys' fees at any appropriate time."  *See* Docket Entry No. 22, at 2.  At this time, Plaintiffs are not " prevailing parties" and an award (or even an assurance of an award) of attorneys' fees would be merely speculative; the AAU has not yet reviewed the expanded record and rendered a decision.  Accordingly, the Court finds that remand of this matter to the AAU for further proceedings is warranted.

III.   *Conclusion*

It is therefore

**ORDERED** that Defendants' Partially Opposed Motion to Remand for Further Administrative Review (Docket Entry No. 20) is **GRANTED**.  This case is **REMANDED** to the Administrative Appeals Unit of the CIS for further administrative review consistent with this opinion.

**SIGNED** at Houston, Texas on this the_31st____ day of May, 2005.

Calvin Botley
United States Magistrate Judge

---

*Naturalization Serv.*, 44 F. Supp.2d 800, 803 (E.D. La. 1999); *Omni Packaging, Inc. v. United States Immigration & Naturalization Serv.*, 733 F. Supp. 500, 504 (D. P.R. 1990).  Other courts have found no abuse of discretion in cases where I-140 petitions were denied and involved aliens who already enjoyed classification " L" nonimmigrant status.  *See National Hand Tool Corp.*, 889 F.2d at 1476; *Q Data Consulting, Inc. v. Immigration & Naturalization Serv.*, 293 F. Supp.2d 25, 30 (D. D.C. 2003); *IKEA US, Inc. v. United States Dep' t of Justice Immigration & Naturalization Serv.*, 48 F. Supp.2d 22, 23 (D. D.C.), *aff' d*, 1999 WL 825420 (D.C. Cir. Sept. 27, 1999); *Fedin Brothers Co., Ltd. v. Sava*, 724 F. Supp. 1103, 1104 (E.D.N.Y. 1989), *aff' d*, 905 F.2d 41 (2d Cir. 1990).